IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:16-CR-30-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KARLOS EDWARDO POOLE, ) | |
| ) | |
| Defendant. ) | |

On November 6, 2020, the court held a hearing concerning defendant's motion to withdraw his guilty plea on counts one, two, and three [D.E. 105]. As explained in open court, the court GRANTS in part and DENIES in part defendant's motion [D.E. 105]. As for count one, the Fourth Circuit vacated defendant's guilty plea on count one and ordered re-arraignment on count one. See [D.E. 101]. Thus, there is no guilty plea on count one to withdraw. As for count two, the court DENIES the motion to withdraw the guilty plea. See United States v. Ubakanma, 215 F.3d 421, 424–25 (4th Cir. 2000); United States v. Moore, 931 F.2d 245, 248–49 (4th Cir. 1991); [D.E. 46] 2–8 (Rule 11 proceeding). The court rejects as meritless defendant's argument concerning count two. See, e.g., United States v. Miller, 471 U.S. 130, 144–45 (1985); United States v. Allmendinger, 894 F.3d 121, 128 (4th Cir. 2018); United States v. Ashley, 606 F.3d 135, 141–42 (4th Cir. 2010); United States v. Randall, 171 F.3d 195, 205–10 (4th Cir. 1999). As for count three, having balanced the Moore factors, and given the procedural posture of the case and Rehaif v. United States, 139 S. Ct. 2191, 2196 (2019), the court GRANTS defendant's motion to withdraw his guilty plea on count three. Accordingly, the court DISMISSES as moot defendant's motion under 28 U.S.C. § 2255 concerning count three [D.E. 110].

The parties shall confer, and the case will be placed on an arraignment calendar for counts one and three in December 2020. The court finds that the ends of justice served by granting this extension outweigh the best interests of the public and the defendant in a speedy trial. The period of delay necessitated by this extension is excluded from speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A). The delay will permit counsel for defendant and the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the pandemic. See 18 U.S.C. § 3161(h)(7)(B)(iv).

SO ORDERED. This 18 day of November 2020.

JAMES C. DEVER III
United States District Judge