IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:16-CR-30-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KARLOS EDWARDO POOLE, | ) | |
| | ) | |
| Defendant. | ) | |

On September 8, 2021, Karlos Edwardo Poole ("Poole" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 145]. That same day, the court appointed counsel for Poole pursuant to standing order 19-SO-3 [D.E. 146]. On February 24, 2022, Poole, through counsel, filed a memorandum and documents in support [D.E. 148, 151]. On April 11, 2022, the government responded in opposition [D.E. 161]. On April 15, 2022, Poole replied [D.E. 162]. As explained below, the court denies Poole's motion.

I.

On July 17, 2017, Poole pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base ("crack"), a quantity of cocaine, and a quantity of heroin (count one), possession of a firearm in furtherance of a drug trafficking crime (count two), and possession of a firearm and ammunition by a felon (count three). See [D.E. 1, 27, 46]. On November 7, 2017, the court sentenced Poole to 96 months' concurrent imprisonment on counts one and three and 60 months' consecutive imprisonment on count two for a total of 156 months' imprisonment. See [D.E. 36, 37]. On November 14, 2017, Poole appealed. See [D.E. 39]. On July 2, 2018, the United States

Court of Appeals for the Fourth Circuit vacated Poole's conviction and sentence on count one. See [D.E. 48, 49, 50]. On March 20, 2019, Poole pleaded guilty to count one [D.E. 71, 88]. On September 5, 2019, the case was reassigned to the undersigned. On April 22, 2020, the Fourth Circuit clarified its order of July 2, 2018. See [D.E. 101, 102, 103].

On May 6, 2020, Poole moved to withdraw his guilty plea to all counts. See [D.E. 105]. On May 20, 2020, the government responded in opposition. See [D.E. 109]. On May 19, 2020, Poole moved to vacate his conviction and sentence on all counts under 28 U.S.C. § 2255 [D.E. 110]. On November 18, 2020, the court granted Poole's motion to withdraw his guilty plea to count three but declined to permit him to withdraw his guilty plea to count two. See [D.E. 118]. On January 12, 2021, the government moved to dismiss counts one and three, and the court granted the motion that same day [D.E. 122, 123].

On March 5, 2021, the court held Poole's re-sentencing hearing on count two and adopted the facts set forth in the second revised Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 130]; Sent. Tr. [D.E. 141] 4; PSR [D.E. 126]. The court calculated Poole's criminal history category to be VI and his advisory guideline range to be five years. See PSR ¶¶ 34, 56; Sent. Tr. at 4–5, 19–20. After granting the government's upward departure motion under U.S.S.G. § 5K2.21 and considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Poole to 108 months' imprisonment. See [D.E. 131] 2; Sent. Tr. at 8–23. Poole appealed. See [D.E. 133]. On March 1, 2022, the Fourth Circuit affirmed Poole's conviction and sentence. See [D.E. 152, 153].[1]

---

[1] On March 15, 2022, Poole moved pro se to restore his right to appeal. See [D.E. 158]. The court has considered Poole's motion to restore his right to appeal and the entire record. The court denies the motion as meritless.

2

On September 8, 2021, Poole moved for compassionate release. See [D.E. 145]. The government opposes the motion. See [D.E. 161].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable

3

Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in

4

order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Poole did not apply to a BOP warden for compassionate release. [D.E. 151] 5–6. Between February 2019 and approximately April 2022, Poole was in the custody of a private facility and did not have a BOP warden. See [D.E. 151] 5–6; [D.E. 161] 4; [161-1].[2] The government concedes that Poole could not satisfy the exhaustion requirement. See [D.E. 161] 4. The court assumes that Poole met the exhaustion requirement and addresses Poole's motion on the merits. See Muhammad, 16 F.4th at 130.

Poole seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (diabetes, asthma, hypertension, obesity, marijuana use, and possible long-term symptoms from his COVID-19 infection), his rehabilitative efforts, his release plan, his time served, and his desire to care for his children. See [D.E. 145]; [D.E. 151] 6–21, 23–25; [D.E. 151-1]; [D.E. 162].

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Poole is 43 years old and has asthma and prediabetes. See [D.E. 148] 4. Poole's medical records do not indicate that he is obese or has diabetes or hypertension. See [D.E. 148]. Poole does not allege that he is currently experiencing any long-term symptoms from his COVID-19 infection. See [D.E. 162]. Poole last consumed marijuana on August 24, 2016. See PSR ¶ 46.

---

[2] Poole is now in BOP custody at FCI Fairton in New Jersey. See [https://www.bop.gov/inmateloc/; register number: 63182-056; last visited Sept. 30, 2022].

5

Poole argues that his medical conditions put him at heightened risk of serious infection or death from COVID-19. See [D.E. 145]; [D.E. 151] 7–21; [D.E. 162] 1–5. However, Poole already had COVID-19 and is vaccinated. See [D.E. 151] 17–18; [D.E. 151-1] 1–2. Poole's natural antibodies and the vaccine provide protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021) (discussing natural immunity as a result of recovering from COVID-19); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No.

6

21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Poole from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Poole's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "family circumstances" policy statement, it does not apply to a desire to care for adult children or minor children when another caregiver is available. See U.S.S.G. § 1B1.13 cmt. n.1. Two of Poole's children are adults. See PSR ¶ 42. Poole's minor child lives with her mother. See id. Nonetheless, the court considers Poole's desire to help care for his minor child under the "other reasons" policy statement and assumes without deciding that it is an extraordinary and compelling reason.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Poole's medical conditions, his rehabilitative efforts, his release plan, his time served, and his desire to help care for his minor child are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Poole's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

7

Case 2:16-cr-00030-D   Document 164   Filed 09/30/22   Page 7 of 9

Poole is 43 years old and is incarcerated for possessing a firearm in furtherance of a drug trafficking crime. See PSR ¶¶ 1–10, 13–16. During a traffic stop of Poole's vehicle, law enforcement found a loaded firearm and five shotgun shells. See id. ¶ 14. Poole possessed the firearm in furtherance of his drug trafficking activities. See id. ¶¶ 14–16. Poole's vehicle and residence contained 25.53 grams of cocaine base ("crack"), 63.18 grams of powder cocaine, 5.2 grams of heroin, and 930.23 grams of marijuana. See id. ¶ 16. Poole's criminal history began in 1995 and includes repeated drug offenses. See id. ¶¶ 21–30. Poole has felony convictions for indecent liberties with a child, possession of a controlled substance with intent to distribute, possession of a controlled substance with intent to distribute on or near school property, possession of a controlled substance in prison or on jail premises, possession of a controlled substance, and manufacturing, delivering, and possessing with intent to sell controlled substances. See id. ¶¶ 21–22, 24–25, 30. Poole also has misdemeanor convictions for larceny, possession of drug paraphernalia (two counts), and possession of marijuana (two counts). See id. ¶¶ 23, 26, 28–29. Poole has performed poorly on supervision, having had his probation revoked three times. See id. ¶¶ 21, 26, 28–29. While in state custody between 2003 and 2006, Poole incurred multiple infractions, including for attempting to alter or damage government property, possessing or introducing a weapon, refusing to obey orders, and attempting to assault any person. See id. ¶ 25.

Poole had a mixed record while federally incarcerated. He has taken courses on real estate, investing, and parenting, among other topics. See [D.E. 148] 8. However, in February 2018, Poole incurred a disciplinary infraction for refusing to work. See [D.E. 161-2].

The court must balance Poole's mixed record while federally incarcerated, his serious criminal conduct, his serious criminal history, his poor performance on probation, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others.

8

Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Poole's potential exposure to COVID-19, his medical conditions, his vaccinated status, his recovery from COVID-19, his rehabilitative efforts, his release plan, his time served, and his desire to help care for his minor child. Poole has a release plan that includes living with his mother in Elizabeth City, North Carolina, attending trade school, and helping to care for his minor child. See [D.E. 151] 23; [D.E. 151-1] 2. Having considered the entire record, the extensive steps that BOP has taken to address COVID-19, the section 3553(a) factors, Poole's arguments, the government's persuasive response, the need to punish Poole for his serious criminal behavior, to incapacitate Poole, to promote respect for the law, to deter others, and to protect society, the court denies Poole's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 145] and DENIES defendant's motion to restore the right to appeal [D.E. 158].

SO ORDERED. This 30 day of September, 2022.

/s/ J. Dever
JAMES C. DEVER III
United States District Judge