**U.S.A. vs. Karlos Edwardo Poole**                    **Docket No. 2:16-CR-30-1D**

### Petition for Action on Supervised Release

COMES NOW Lakesha H. Wright, Senior U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Karlos Edwardo Poole, who, upon an earlier plea of guilty, was originally sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on November 7, 2017, to a concurrent term of 96 months imprisonment in Counts 1 and 3 which charged Possession With Intent to Distribute 28 Grams or More of Cocaine Base, a Quantity of Cocaine, and a Quantity of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and Possession of a Firearm and Ammunition by a Felon, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2), respectively; and a consecutive term of 60 months imprisonment in Count 2 which charged Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), for a total term of 156 months imprisonment. Additionally, it was ordered that the defendant be placed on supervised release for 5 years in Counts 1 and 2 and 3 years in Count 3, to run concurrently, for a total term of 5 years. On November 14, 2017, Poole filed a Notice of Appeal.

On July 2, 2018, in consideration of the government's unopposed motion and acknowledgment of an error pertaining to the amount of cocaine base attributable to Poole in Count 1, the Fourth Circuit Court of Appeals granted the motion to vacate the defendant's conviction and sentence in Count 1 and remanded the case for resentencing. On March 20, 2019, Poole was rearraigned on Count 1, and he pled guilty to an amended charge of Possession With Intent to Distribute a Quantity of Cocaine Base (Crack), a Quantity of Cocaine, and a Quantity of Heroin. On September 5, 2019, the defendant's case was reassigned to the Honorable James C. Dever III, U.S. District Judge. On April 22, 2020, the Fourth Circuit Court of Appeals recalled the prior mandate and ordered that the defendant's conviction in Count 1 and his sentences on all counts be vacated, and the case be remanded for further proceedings. On January 12, 2021, the Court granted the government's motion to dismiss Counts 1 and 3. On March 5, 2021, Poole was sentenced in Count 2 to 108 months imprisonment and 3 years supervised release.

Karlos Edwardo Poole was released from custody on June 4, 2024, at which time the term of supervised release commenced.

On June 24, 2024, a Violation Report was submitted to the court advising that on June 5, 2024, the defendant submitted to a urine screen which was determined by the national laboratory to be positive for marijuana use. Poole admitted to using marijuana on June 4, 2024, following his release from the Bureau of Prisons. He also provided a written statement acknowledging his illegal drug use. On June 25, 2024, the court concurred with the recommendation to continue Poole under supervision without modification.

On September 23, 2024, Poole appeared before the court for a hearing regarding the undersigned probation officer's request to modify the defendant's supervision to include a condition ordering that he participate in a psychosexual evaluation due to his historical state sex offense conviction of Indecent Liberties With a Child and to determine if treatment and/or additional supervised release conditions were needed. The court concurred with the recommendation and ordered that Poole submit to a psychosexual evaluation by a qualified mental health professional experienced in evaluating sexual offenders and who is approved by the U.S. Probation Officer.

On February 3, 2025, a Petition for Action on Supervised Release was approved by the Court adding sex offender-specific special conditions as the result of his sex offender assessment. The defendant also began participating in Moral Reconation Therapy.

A Violation Report was submitted on June 26, 2025, advising Poole tested positive for marijuana use on July 16, 2025. Supervision was permitted to continue.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervised release. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. § 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Easten District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall support his dependent(s).

3. The defendant shall consent to a warrantless search by a United States probation officer, or at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of his judgment.

4. The defendant shall participate in a vocational training program as may be directed by the probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

Additionally, for violation reporting purposes, it is noted that the defendant possessed marijuana, as evidenced by a test conducted on December 22, 2025, which yielded a positive result or marijuana use. Poole provided a written statement admitting to using marijuana. The probation officer verbally reprimanded the defendant for his behavior and referred him back to the substance abuse treatment provider for an individual session to assess his need for treatment.

Notwithstanding, Poole again possessed marijuana, as evidenced by a test conducted on April 13, 2026, which yielded a positive result for marijuana use. The defendant signed a written statement wherein he admitted to possessing and using marijuana. Poole was verbally reprimanded for his behavior and referred for further substance abuse evaluation and services. Additionally, the probation officer increased the defendant's drug testing via the Surprise Urinalysis Program and will begin an individual cognitive behavioral intervention program with Poole to address his decision-making and thinking errors. Based on the intervention measures, it is respectfully recommended that the defendant's term of supervision be continued without modification. Should future violations occur, the court will be notified.

Karlos Edwardo Poole
Docket No. 2:16-CR-30-1D
Petition For Action
Page 4

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer, the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Except as herein modified, the judgment shall remain in full force and effect.

> I declare under penalty of perjury that the foregoing is true and correct.
>
> /s/ Lakesha H. Wright
> Lakesha H. Wright
> Senior U.S. Probation Officer
> 306 East Main Street, Room 306
> Elizabeth City, NC 27909-7909
> Phone: 252-335-5508
> Executed On: May 1, 2026

## ORDER OF THE COURT

Considered and ordered this ___2___ day of ___May___, 2026, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge